IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL AND ELIZABETH LOLLING, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 13-3352 |
| CINCINNATI INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

In September 2013, Plaintiffs Michael and Elizabeth Lolling filed a Complaint in state court. On October 9, 2013, Defendant Cincinnati Insurance Company filed a Notice of Removal. Plaintiffs object to removal, asserting that the amount in controversy does not exceed $75,000. In the alternative, Plaintiffs ask the Court to decline jurisdiction pursuant to the doctrine of forum non conveniens. Because

the amount in controversy exceeds $75,000 and the relevant factors do not warrant dismissal of the case under the doctrine of forum non conveniens, Plaintiffs' Objection (d/e 5) is DENIED.

## I.  BACKGROUND

On September 3, 2013, Plaintiffs filed a Complaint in the Circuit Court for the Eleventh Judicial Circuit of Illinois, Logan County, Illinois. See d/e 1-1.  The Complaint contained two counts: Count I, breach of contract, and Count II, entitled "Reasonable Attorney's Fees" brought pursuant to 215 ILCS 5/155 of the Illinois Insurance Code.

Plaintiffs allege that on February 1, 2010, Plaintiffs' home was severely damaged when water pipes froze and broke.  At the time of the occurrence, Plaintiffs' home was insured by Defendant.

According to Plaintiffs, the policy of insurance provided a maximum of $152,000 of coverage for damage to the residence's interior, excluding personal property.  Plaintiffs did not attach a copy of the insurance policy to the Complaint because the policy was destroyed in a fire.

Plaintiffs submitted a claim, and Defendant paid approximately $115,000 toward repair of the interior of the residence. However, Defendant refuses to authorize any further funds toward the repair of the interior of Plaintiffs' residence despite the policy providing for an additional $37,000 in coverage.

Plaintiffs further allege that they are not able to return their belongings to the residence until the repairs are completed. Plaintiffs assert that the policy of insurance provides that Defendant is responsible for any storage costs incurred while the repairs are being made but that Defendant refuses to make payments toward the ongoing storage of Plaintiffs' belongings. In Count I, Plaintiffs seek damages in the amount of approximately $49,000.

In Count II, Plaintiffs allege that Defendant's refusal to pay restoration charges, storage charges, and other charges has been unreasonable, vexatious, and without cause, all in violation of 215 ILCS 5/155. Plaintiffs seek penalties against Defendant in an amount provided by statute plus payment of Plaintiffs' reasonable attorney's fees.

On October 9, 2013, Defendant filed a Notice of Removal (d/e 1) (asserting that Defendant received a copy of the Complaint on October 4, 2013). See 28 U.S.C. § 1446(b) (providing that notice of removal shall be filed within 30 days after the defendant's receipt of the complaint). Defendant asserts that the Court has subject matter jurisdiction over the dispute pursuant to 28 U.S.C. § 1332 because the dispute arises between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Plaintiffs object to removal. See d/e 5. Plaintiffs concede that the parties are diverse but deny that the amount of controversy satisfies the $75,000 threshold. Plaintiffs also assert that even if diversity jurisdiction exists, this Court should decline to exercise jurisdiction on the basis that it is a forum non conveniens.

## II.  ANALYSIS

A.  Removal Was Proper Because the Parties are Diverse and the Amount in Controversy Exceeds $75,000

A defendant may remove a case filed in state court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). In

such cases, the defendant bears the burden of showing, by a preponderance of the evidence, that federal jurisdiction exists. Smith v. Am. Gen. Life & Accident Ins. Co., Inc., 337 F.3d 888, 893 (7th Cir. 2003).

If the material factual allegations are contested, the proponent of federal jurisdiction must prove those jurisdictional facts by a preponderance of the evidence. Meridan Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006). Once the facts have been established, the case may be remanded only if it is legally certain that the recovery will be less than the jurisdictional amount. Id.

Defendant removed this cause of action on the ground that this Court has subject matter jurisdiction over the dispute under 28 U.S.C. § 1332. Section 1332 provides that district courts have subject matter jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interests and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

The parties concede that the action is between citizens of different states. Plaintiffs are citizens of either Illinois or Minnesota. See Pls.' Objection, d/e 5 ¶ 1 (asserting Plaintiffs are citizens of either Illinois or Minnesota); Compl., d/e 1-1, ¶ 1 (alleging Plaintiffs are citizens of Illinois). Defendant is a citizen of Ohio. See 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of its state of incorporation and its principal place of business); Ill. Bell Tel. Co., Inc. v. Global NAPs Ill., Inc., 551 F.3d 587, 590 (7th Cir. 2008) (a company's principal place of business is where its executive headquarters is located). The dispute in this case centers on whether the amount in controversy exceeds $75,000.

Defendant claims that, at the very minimum, the amount in controversy is $76,319.44. Defendants calculate this amount by adding the amount in controversy in Count I to the potential statutory penalty Plaintiffs seek in Count II. In support thereof, Defendant attaches the insurance policy, the Affidavit of insurance adjustor Cliff Peterson, and invoices reflecting the storage fees.

Plaintiffs argue that the amount in controversy is $49,000, the amount they seek in damages in Count I.  Plaintiffs deny requesting punitive damages.  Plaintiffs further state that, even if they had requested punitive damages, the Illinois Insurance Code provides a cap of $25,000 on punitive damages.  Thus, the $75,000 amount would still not be reached.  Plaintiffs note that they have requested attorney's fees but that even if attorney's fee are contributable toward the amount in dispute for determining diversity jurisdiction, Defendant has made no allegation that attorney's fees in this case will exceed $26,000.

In removal cases, the amount in controversy is the amount that would satisfy the plaintiff's demands in full on the day the case was removed.  Oshana v. Coca-Cola Co., 472 F.3d 506, 511 (7th Cir. 2006).  Attorney's fees and punitive damages may count toward the jurisdictional amount, but only if attorney's fees and punitive damages are recoverable under state law.  See ABM Sec. Servs., Inc. v. Davis, 646 F.3d 475, 479 (7th Cir. 2011) (attorney's fees incurred up to the time of removal may be included in the amount in controversy); Del Vecchio v. Conseco, Inc.,

230 F.3d 974, 978 (7th Cir. 2000) (punitive damages may count toward the jurisdictional amount if provided for by state law and it is not legally certain that the plaintiff cannot recover a jurisdictionally-sufficient punitive damages award). The defendant is not bound by the plaintiff's estimate of amount at stake. Back Doctors, Ltd. v. Metro. Prop. & Cas. Ins. Co., 637 F.3d 827, 830 (7th Cir. 2011).

In Count 1, Plaintiffs seek $37,000 for damage to the dwelling and unspecified storage fees, for a total of approximately $49,000. Compl., d/e 1-1, Count I (prayer for relief). However, Defendant paid storage fees through August 31, 2012. Peterson Aff., d/e 702, ¶ 7. The total daily storage charge is $26.55. Id. ¶ 6. Therefore, on the date of removal, the amount allegedly owing for storage fees was $10,699.65 (the daily fee of $26.55 multiplied by 403 days, the number of days between September 1, 2012—the first day Defendant did not pay storage fees—and October 9, 2013—the date of removal). Consequently, the amount in controversy in Count I totals $47,699.65 ($37,000 plus $10,699.65).

In Count II, Plaintiffs seek, in addition to payment of restoration and other damages, penalties and attorney's fees under 215 ILCS 5/155. See Compl., d/e 1-1, Count II (prayer for relief). Section 155 of the Illinois Insurance Code provides a remedy for vexatious and unreasonable delay in settling an insurance claim. See Cramer v. Ins. Exch. Agency, 174 Ill. 2d 513, 519 (1996) ("The statue provides an extracontractual remedy to policyholders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable."). The statute provides that where an insurance company's delay in settling a claim is vexatious and unreasonable, the court may allow reasonable attorney's fees, other costs, plus an amount not to exceed one of three calculations:

> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>
> (b) $60,000;
>
> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

215 ILCS 5/155(1). Most courts hold that the statutory penalty under § 155 must be the smallest of the three possible amounts. See <u>Kaplan v. Standard Ins. Co.</u>, 2013 WL 5433463, at *6 (N.D. Ill. 2013) (citing cases); <u>Nelles v. State Farm Fire & Cas. Co.</u>, 318 Ill. App. 3d 399, 400 (1st Dist. 2000); <u>Cramer v. Ins. Exch. Agency</u>, 174 Ill. 2d 513, 520 (1996) (referring to § 155(1)(b) as the "maximum allowable penalty under the statute"); <u>but see</u> <u>Millers Mut. Ins. Ass'n of Ill. v. House</u>, 286 Ill. App. 3d 378, 388 (5th Dist. 1997) (holding that "the statute does not contain any language to suggest that the court is required to choose damages in the least amount possible").

In this case, the smallest possible statutory penalty under § 155 is $28,619.79, which is 60% of the minimum amount Plaintiffs seek in Count 1 ($47,699.65). 215 ILCS 5/155(1)(a). This amount is less than the $60,000 provided in § 155(1)(b). This amount is also less than $40,199.65, which is the amount sought in Count I less Cincinnati's pre-suit settlement offer of $7,500. <u>See</u> 215 ILCS 5/155(1)(c); Def. Resp., d/e 7, p. 4 (stating pre-suit settlement offer was $7,500).

Therefore, without even considering the amount of attorney's fees incurred prior to removal, the total amount in controversy is $76,319.44. This consists of the minimum amount sought in Count I ($47,699.65) plus the minimum statutory penalty sought in Count II ($28,619.79). As a result, this Court has jurisdiction, and removal was proper.

B.   Plaintiffs' Forum Non Conveniens Motion is Denied

Plaintiffs also argue that, even if removal were proper, this Court should decline jurisdiction on the basis that it is a forum non conveniens. Plaintiffs argue that the Eleventh Judicial Circuit, Logan County Court is an adequate forum, that Plaintiff's choice of forum is entitled to deference, and that the public and private interest factors warrant this Court to decline to exercise jurisdiction.[1]

---

[1] Plaintiffs do not invoke § 1404, the change of venue provision, which permits the transfer of a civil case to another federal district or division where the case might have been brought. Section 1404 does not apply because Plaintiffs seek a transfer to state court. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . .").

Forum non conveniens is a common law doctrine that allows a district court to dismiss a suit over which it has jurisdiction. Kamel v. Hill-Rom Co., Inc., 108 F.3d 799, 803 (7th Cir. 1997). The doctrine generally applies in federal court only where the alternative forum is abroad or, in rare circumstances, when a state court or territorial court "serves litigational convenience best." Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430 (2007). If an alternative forum exists, a court may dismiss a case pursuant to forum non conveniens when (1) the plaintiff's choice of forum would result in vexation and oppression to the defendant that far outweighs the plaintiff's convenience or (2) the chosen forum would generate administrative and legal entanglements for the trial court. Kamel, 108 F. 3d at 803.

When deciding whether to dismiss under forum non conveniens, the Court must first determine whether an adequate alternative forum is available and then balance the private and public interest factors. Kamel, 108 F. 3d at 803. The private factors include ease of access to sources of

proof; the ability to compel witnesses to attend; the cost of obtaining witnesses' attendance; the possibility of viewing the premises; and all other factors that make the trial of a case efficient and economical. Id., at 804. The public factors considered include court congestion; the interest in having local disputes decided at home; the interest in having a diversity case tried in a forum familiar with the applicable law; the desire to avoid unnecessary problems with conflicts of law; and the need to avoid burdening citizens in an unrelated forum with jury duty. Id.

Here, an adequate alternative forum is available. However, the private and public interests do not support dismissal. The Logan County Courthouse is approximately 33 miles away from this federal court. Access to sources of proof, the ability to compel the attendance of witnesses, and the possibility of viewing the premises do not weigh heavily in favor of one court over the other. The public interests also do not weigh heavily in favor of dismissal. Illinois law governs the action and the interest in having a case heard in a forum familiar with the applicable law is still met in this forum. Therefore, Plaintiffs' request

that the Court dismiss the action on the grounds of forum non conveniens is DENIED.

### III. CONCLUSION

For the reasons stated, Plaintiffs' Objections to Removal to the United States District Court (d/e 5) is DENIED.  This case is referred to United States Magistrate Judge Byron G. Cudmore for pretrial proceedings.

ENTER: December 2, 2013

FOR THE COURT:

                        s/Sue E Myerscough
                        SUE E. MYERSCOUGH
                        UNITED STATES DISTRICT JUDGE